school at Gatesville for four years. We gather these facts from the petition of the relator, presented to Hon. R. B. Seay, judge of the district court of Dallas county, praying for a writ of habeas corpus. Judge Seay refused to issue the writ of habeas corpus, and from this refusal appellant gave notice of appeal to this court.

The first question to be decided is: Has this court any jurisdiction on appeal, where the district court refuses to issue the writ? This may furnish ground to apply to this court for an original writ of habeas corpus, but no such application has been filed. This question was fully discussed and decided in Ex parte Ainsworth, 27 Tex. 732, and it was there held that a person could not appeal from an order refusing to issue the writ of habeas corpus, but the applicant's remedy was to apply to another court for an original writ. For a full discussion of this question, we refer to that opinion. See, also, Ex parte Blankenship, 57 S. W. 647; Ex parte Foster, 5 Tex. App. 625, 32 Am. Rep. 577; Ex parte Strong, 34 Tex. Cr. R. 310, 30 S. W. 666.

Appeal dismissed.

---

## GOULD v. STATE.

(Court of Criminal Appeals of Texas. Jan. 29, 1913.)

CRIMINAL LAW (§ 1106*)—APPEAL—TIME OF FILING TRANSCRIPT.

Although the law requires that the transcript shall immediately be made out and forwarded to this court, this court will consider the case, regardless of the time in which it may be filed, since the law places the duty on the clerks, and defendants cannot be held responsible for their negligence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2890–2892; Dec. Dig. § 1106.*]

Appeal from Dallas County Court at Law; W. F. Whitehurst, Judge.

O. F. Gould was convicted of crime, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. This is a companion case to those reported in Gould v. State, 146 S. W. 172 and 179, and 147 S. W. 247, and evidently was tried about the same time as those cases; this one being tried on May 19, 1911. The reason why the transcript was not filed in this court until November 11, 1912, 18 months after the trial was had, we do not understand. However, while the law requires that the transcript shall immediately be made out and forwarded to this court, it has been the rule of this court to consider the case, regardless of the time in which it may be filed, as the law places the duty on the clerks of the courts to make and forward the transcript, and defendants cannot be held responsible for their negligence.

This case illustrates the need of some legislation in this regard, if a prompt disposition of the case is desired on appeal. In some instances coming under our notice more than 2 years elapse after the trial before the transcript is filed; consequently the delay sometimes complained of is caused by matters over which this court has no control, and if it is desired to secure a more prompt disposition of cases on appeal the law must be changed, and time fixed when the transcript must be filed in this court.

The same questions are raised as to the sufficiency of the indictment as were raised in the other cases. For the reasons there stated, the court did not err in overruling the motion to quash. Gould v. State, 146 S. W. 172.

All the questions raised in the bills of exception and the motion for new trial in this case were so thoroughly discussed in Oliver v. State, 144 S. W. 604, and the cases against this appellant hereinbefore cited, we merely refer to those cases, as the questions are identically the same.

On the authority of those cases, the judgment is affirmed.

---

## LEE v. STATE.

(Court of Criminal Appeals of Texas. Jan. 29, 1913.)

CRIMINAL LAW (§ 1094*) — APPEAL BOND — RECORD.

The record on an appeal from a conviction being unaccompanied by a statement of the facts or a bill of exceptions, there must be an affirmance.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2807, 3204; Dec. Dig. § 1094.*]

Appeal from District Court, Bowie County; P. A. Turner, Judge.

Jim Lee appeals from a conviction. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. This conviction was for assault to rape; the penalty being fixed at five years in the penitentiary. The record is before us without a statement of the facts or bills of exceptions.

The judgment is therefore ordered to be affirmed.

---

## BUTLER v. STATE.

(Court of Criminal Appeals of Texas. Jan. 29, 1913.)

BAIL (§ 65*)—RECOGNIZANCE ON APPEAL—RECITALS.

The recognizance not stating, as required by the statute, the amount of the punishment, the appeal must, on motion, be dismissed.

[Ed. Note.—For other cases, see Bail, Cent. Dig. § 285; Dec. Dig. § 65.*]

Appeal from Rains County Court; O. H. Rodes, Judge.